U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
NOV 0 2 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| FLASH GAS & OIL SOUTHWEST, INC | CIVIL ACTION NO.06-CV-01076 |
| -vs- | |
| BURLINGTON RESOURCES OIL & GAS COMPANY, LP | JUDGE TRIMBLE |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss for Improper Venue; Alternatively, Motion to Transfer (Doc. # 14) filed by defendant, Burlington Resources Oil & Gas Company, LP ("Burlington"). For the reasons discussed herein, defendant's motion is DENIED.

## I. Background

Plaintiff, Flash Gas & Oil Southwest, Inc. ("Flash") acquired certain mineral leasehold interests in immovable property situated in Jefferson Davis Parish, State of Louisiana by virtue of a contract executed between Flash and Pilot Resources, Inc. ("Pilot"). It appears that Pilot originally purchased such mineral interests from Burlington, defendant herein.

Owners of the immovable property, referred to in the pleadings as the "Fay Interests," filed suit in Louisiana's 31st Judicial District Court, located in Jefferson Davis Parish. In that suit, the Fay Interests sought release of the mineral rights held by both Flash and Burlington on the grounds that neither defendant had prudently explored, tested or developed the leased lands. Flash alleges that, on or about July 19, 2004, Burlington executed a release

of its leasehold rights in favor of the Fay Interests without providing Flash, a co-defendant in the state matter, any notice. See Plaintiff's Complaint at ¶ 9. The Fay Interests, after receipt of Burlington's release of rights, moved the state court for declaratory and/or summary judgment on the basis that Burlington's release effectuated a release of Flash's rights as well. In a judgment dated November 4, 2004, the state court held that Burlington's release had, in fact, extinguished Flash's leasehold rights.

Flash filed a Petition for Damages in Jefferson Davis Parish, praying for damages resulting from the extinguishment of its leasehold rights. See Plaintiff's Complaint at ¶ 16, 17. Defendant Burlington removed the suit to the Lake Charles Division of the U.S. District Court for the Western District of Louisiana and now seeks dismissal of the suit based on improper venue or, in the alternative, a transfer of venue to the Eastern District Court for reasons of *forum non conveniens*.

## II. Discussion

### A. State and Federal Venue

Burlington is a foreign (Texas) limited partnership licensed to do business in the state of Louisiana. Its principal place of business in this state is in Houma, Terrebonne Parish. See Exhibit A to Doc. #14. As a foreign defendant corporation licensed to do business in Louisiana, venue is generally prescribed by Louisiana Code of Civil Procedure Article 42 (4), which provides that:

> "a foreign corporation or foreign limited liability company licensed to do business in this state shall be brought in the parish where its primary business office is located as designated in its application to do business in the state, or, if no such designation is made, then in the parish where

2

its primary place of business in the state is located."

Louisiana's general venue provision, stated above, is subject to exceptions by virtue of Article 43. The Louisiana Supreme Court, in its opinions in both Kellis v. Farber, 523 So.2d 843 (La. 1988) and Jordan v. Central Louisiana Elec. Co., Inc., 656 So.2d 988 (La. 1995), expressed the view that, contrary to the language of Article 43 describing Articles 71 - 85 as "exceptions" to the general venue provisions of Article 42, Articles 71 - 85 are a "legal part" of those venue provisions and not to be applied with increased stringency as would a true "exception."

Plaintiffs argue, in support of maintaining venue here in the Western District, that the instant suit falls within the exception contained in La. C.C.P. Art. 80(a), which provides that, when an action seeks to assert "an interest in immovable property, or a right in, to, or against immovable property," venue is proper in either the parish where the immovable property is located or in the parish where the defendant to the action is domiciled. Defendant asserts that plaintiff's suit is not within the exception claimed and, instead, should be viewed as a suit for money damages which is subject to La. C.C.P. Art. 74, which places venue in the parish in which the damages were sustained. Although money damages are plainly sought by plaintiff's Complaint, we decline to characterize this suit in a superficial manner and, looking toward the true nature of it, find it to be a dispute over rights in immovable property within the meaning of La. C.C.P. Art. 80(a).

While there has, in the past, been some dispute over whether or not mineral leasehold rights such as those at issue in the present suit are properly viewed as sufficient interests to bring an action within the purview of Article 80(a), we find ample support for our decision

3

in the case of CLK Company, L.L.C. v. CXY Energy, Inc., 719 So.2d 1098, 1998-0802 (La. App. 4 Cir. 9/16/98). In that case, the Louisiana Fourth Circuit Court of Appeal considered a trial court's denial of CXY's declinatory exception of improper venue. After a thoughtful and scholarly review of the language of Louisiana's venue provisions, the court concluded that the plaintiff's suit to recoup money damages for breach of its rights to mineral royalty interest was within the exception created by Article 80(a) and, thus, venue was proper either where the immovable property was located or where the defendant was domiciled. We find particular pertinence in the court's observation that "...the fact that CLK's claim is compensable in money does not preclude it from being categorized as an immovable or as a real right..." Id at 1104. We find this logic readily applicable to the instant suit. Plaintiff has asserted a right to damages, but these damages are sought as compensation for the compromise of real rights in an immovable, the property located in Jefferson Davis Parish. Applying the formula of Article 80(a), we find that state court venue was, indeed, proper in Jefferson Davis Parish, as this is the situs of the immovable forming the basis of the suit.

### B. Venue of Actions Removed to Federal Court

Defendants urge this Court to dismiss or transfer plaintiff's suit, originally filed in Louisiana's 31st Judicial District Court, Jefferson Davis Parish, on the basis that improper state court venue gave rise to improper federal court venue once Burlington removed the suit to federal court. Venue of actions removed to federal court after initiation in state court is governed by 28 U.S.C. 1441(a) which states that a civil action originated in a state court "may be removed by the defendant...to the district court of the United States for the district

4

and division embracing the place where such action is pending." General federal venue provisions, found in 28 U.S.C. 1391 et seq., are only applicable to actions originating in federal district court and not, as here, to actions originated in state court and removed by the defendant to federal court. PT United Can Company, Ltd. v. Crown Cork & Seal Co., Inc., 138 F.3d 65, 72 (2nd Cir. 1998).

Applying the venue provision of 28 U.S.C. 1441(a), we find that the instant action was properly removed to the U.S. District Court for the Western District of Louisiana, as the state court action was pending in Jefferson Davis Parish, which is located within the Lake Charles Division of this Court. Additionally, as above, we find no underlying state court venue defect that might affect our view.

### C. Transfer of Venue

Defendant urges this Court to transfer the instant case to the U.S. District Court for the Eastern District of Louisiana, claiming *forum non-conveniens* under 28 U.S.C. §1404 (a). Plaintiffs object to such transfer, arguing that defendants have not demonstrated requisite necessity under the factors enunciated in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed 1055 (1947).

A district court may transfer " any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a). It is well settled that a defendant seeking a transfer of venue must satisfy the Court that the factors in support of transfer overcome those supporting the plaintiff's selection of venue, which is an esteemed right and not to be set aside lightly. Karim v. Finch Shopping Co., Ltd., 94 F. Supp.2d 727 (E.D. La. 2000);

Time, Inc. v. Manning, 366 F.2d 690 (5th Cir. 1966); Carpenter v. Parker Drilling Offshore USA, Inc., 2005 WL 1432373 (E.D. La.).

In order for transfer to be proper, there must first be a suitable alternative forum. Gulf Oil at 506-507. Although, as above, we find that venue in the Western District is proper, we acknowledge that this suit might also have been proper in the Eastern District [under La. C.C.P. Art. 80(a) and 28 U.S.C. 1441(a)] because defendant maintains its principal place of business in Houma, Louisiana. Thus, we affirm the existence of another suitable forum.

We must, next, consider arguments advanced by both parties as to the factors of witness convenience, party convenience, and public interests in order to determine whether sufficient reasons exist to transfer the suit to the other suitable forum, the Eastern District. Gulf Oil at 508-509. Fifth Circuit jurisprudence places particular importance on convenience issues and is skeptical of plaintiff's venue choice when it appears not to be motivated by convenience. Empresa Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser, A.G., 955 F.2d 368 (5th Cir. 1992). Convenience, as above, must also be balanced against the right of the plaintiff to select the forum for the assertion of his rights.

Defendant asserts that the convenience of potential witnesses is greater in the Eastern District, but admits that a portion of the potential witnesses reside in Houston, Texas. While it's certainly true that counsel and witnesses located in the Eastern District would find that venue more convenient, we cannot say that requiring one segment of defendant's party to travel more than three hundred miles is intrinsically more convenient than requiring both segments of defendant's party to travel approximately half the distance to the Western

6

District. We are also skeptical of how large a role these potential witnesses might play in this matter.

Defendant also argues that access to documents will be more assured were venue to be transferred to the Eastern District. In this age of technology, we find no convincing argument as to the availability of documents. We have no doubt that each party will avail itself of any and all methods to ensure that documents supporting its position are considered.

As to these convenience factors, we find that they are insufficient to warrant a transfer in light of the burden that is imposed by virtue of plaintiff's right to select a forum. Defendants also present several arguments as to public factors that we must consider. Specifically, we are urged that any act or omission that may have taken place, though none is implied or admitted, took place outside the Western District and, similarly, the citizens of the Eastern District have a greater interest in this matter because of the location of both parties' business offices within that district. This Court finds that such arguments overlook the location of the immovable property forming the basis of this suit. Property rights and other partial ownership rights in immovables are of great importance to the citizens of this district, as in all districts. We do not find that we are, as urged by the defendant, disinterested in its outcome or unable to apply the same law as would be applied by the Eastern District court.

Defendant in this case has not demonstrated factors which, when weighed against the established policy considerations surrounding the right of a plaintiff to select his own forum, convince us to transfer this case to the Eastern District. While, as above, we find that sensible argument may be made as to public policy and convenience in the Eastern District,

we do not find that public policy or convenience to be of any greater quality than that available here in the Western District. As such, we decline to interfere with plaintiff's selected forum and venue and, accordingly, elect to retain this matter for further proceedings.

### III. Conclusion

We find that plaintiff's state court action was properly filed in the 31st Judicial District Court in Jefferson Davis Parish because such action concerns mineral leasehold rights in immovable property located in that parish and subject to the venue provision of La. C.C.P. Art. 80(a). Defendant's removal to this Court was proper under 28 U.S.C. 1441(a), as Jefferson Davis Parish is located within the Western District Court. We also find that transfer of venue is not warranted in this case, as defendant has failed to demonstrate that venue in the Eastern District is any more convenient than it is in our Court, falling short of argument necessary to outweigh the plaintiff's right to forum selection.

Alexandria, Louisiana

2 November, 2006

/s/ JAMES T. TRIMBLE, JR.
U.S. DISTRICT COURT JUDGE