

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| FLASH OIL & GAS SOUTHWEST, INC. | CIVIL ACTION NO. 06-1076 |
|---|---|
| -vs- | JUDGE TRIMBLE |
| BURLINGTON RESOURCES OIL & GAS COMPANY, LP | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss for Improper Venue; Alternatively, Motion to Transfer [Doc. # 14] filed by defendant, Burlington Resources Oil & Gas Company, LP ("Burlington") and to which plaintiffs, Flash Oil & Gas Southwest, Inc. ("Southwest") filed a Memorandum in Opposition [Doc. # 16]. Burlington filed its Reply Memorandum in support of its Motion [Doc. # 19] and, upon consideration of the above enumerated arguments, we find that defendant's motion should be GRANTED in part and DENIED in part for the reasons discussed herein.

I.  BACKGROUND

Plaintiff, Flash Gas & Oil Southwest, Inc. ("Flash") acquired certain mineral leasehold interests in immovable property situated in Jefferson Davis Parish, State of Louisiana, by virtue of a contract executed between Flash and Pilot Resources, Inc. ("Pilot"). It appears that Pilot originally purchased the mineral interests conveyed to Flash from Burlington, defendant in the instant suit.

Owners of immovable property, referred to in the pleadings as the "Fay Interests,"

filed suit in Louisiana's 31st Judicial District Court, located in Jefferson Davis Parish. In that suit, the Fay Interests sought release of the mineral rights held by both Flash and Burlington on the grounds that neither defendant had properly explored, tested or developed the leased lands. On or about July 19, 2004, Burlington executed a release of its leasehold rights in favor of the Fay Interests. The Fay Interests, upon receipt of Burlington's release, moved the state court for declaratory and/or summary judgment on the basis that Burlington's release effectuated a release of Flash's leasehold rights as well. In a judgment dated November 4, 2004, the state court held that Burlington's release had, in fact, extinguished Flash's leasehold rights.

Plaintiff filed a Petition for Damages in Jefferson Davis Parish, praying for damages resulting from the extinguishment of its leasehold rights. Plaintiff's Complaint at ¶ 16. The Defendant, Burlington removed the suit to the Lake Charles Division of the U.S. District Court for the Western District of Louisiana and now seeks dismissal of the suit based on improper venue or, in the alternative, a transfer of venue to the Eastern District Court for reasons of *forum non conveniens*.

## II.    DISCUSSION

### A.    State and Federal Venue

Burlington is a foreign (Texas) limited partnership licensed to do business in the state of Louisiana. Its principal place of business in this state is Houma, Terrebonne Parish. See Exhibit A to Doc. #14. As a foreign defendant corporation licensed to do business in Louisiana, venue is generally prescribed by LA. CODE CIV. PROC. 42(4), which provides that:

> "a foreign corporation or foreign limited company licensed to
> do business in this state shall be brought in the parish where its
> primary business office is located as designated in its

application to do business in this state, or, if no such
designation is made, then in the parish where its primary place
of business in the state is located."

Louisiana's general venue provision, stated above, is subject to exceptions by virtue of LA. CODE CIV. PROC. ART. 43. The Louisiana Supreme Court, in its opinions in both Kellis v. Farber, 523 So.2d 843 (La. 1988) and Jordan v. Central Louisiana Elec. Co., Inc., 656 So.2d 988 (La. 1995), expressed the view that, contrary to the language of Article 43 describing Articles 71 - 85 as "exceptions" to the general venue provisions of Article 42, Articles 71 - 85 are a "legal part" of those venue provisions, rejecting the view that Articles 71 - 85 should be applied with any increased stringency as would a true "exception."

Plaintiffs argue, in support of maintaining venue here in the Western District, that the instant suit falls within the ambit of LA. CODE CIV. PROC. ART. 80(a), which provides that when an action seeks to assert "an interest in immovable property, or a right in, to, or against immovable property," venue is proper in either the parish where the immovable property is located or in the parish where the defendant to the action is domiciled. Defendant asserts that plaintiff's suit is not of the sort contemplated in Article 80 because it does not seek to assert rights in immovable property, but rather, a judgment of money damages. Defendants also argue that, since the property rights which give rise to the instant suit have been extinguished by adjudication in the 31st Judicial District Court's ruling of November 4, 2004, plaintiff's suit cannot fit within the purview of Article 80 since the property rights no longer exist. We agree.

While we are convinced that adjudication of leasehold rights comes squarely within the venue provisions of Article 80, we cannot dispute that, by adjudication, the rights in immovable property formerly belonging to Flash have been extinguished. As such, and in

consideration of the fact that Flash's instant suit does not seek leasehold rights, but money damages, we find that plaintiff's suit in state court was improperly filed in Jefferson Davis Parish. Roussel v. Noe, (La. App. 1 Cir. 2/20/73) 274 So.2d 205. By operation of Article 42(4), we find that plaintiff's suit should have been filed in the parish where defendant's primary place of business is located. Burlington's principal place of business within Louisiana is Houma, Terrebonne Parish, making Houma the proper venue for such suit. Exhibit "A" to Doc. #14.

**B.     Removal**

28 U.S.C. § 1441(a) provides that a defendant to a civil action may remove the action to federal court for the district and division "embracing the place where such action is pending." Had plaintiff filed its suit properly in the 32nd Judicial District Court in Houma, Louisiana, defendants would have removed the suit to the U.S. District Court for the Eastern District of Louisiana by operation of 28 U.S.C. 1441(a).

Although, as above, we find that the underlying state court venue was improper, we find no reason to dismiss the instant action. In Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, cert. denied 115 S.Ct. 577, 513 U.S. 1016, 130 L.Ed.2d 492, the U.S. Fifth Circuit Court of Appeals held that, under 28 U.S.C. § 1332, the district court had jurisdiction based on diversity of citizenship and, as such, the improper venue of the suit before it constituted a procedural defect which could be cured by transfer. As in Kreimerman, this Court possesses sufficient subject matter jurisdiction based on diversity of citizenship and, as such, the defect caused by the underlying state court venue is procedural in nature and should be, accordingly, cured by transfer.

Transfer of actions filed in an improper venue is governed by 28 U.S.C. 1406(a),

which states that a district court may transfer any such case "to any district or division in which it could have been brought." Finding that dismissal is too severe a remedy for a defect we deem to be procedural, we hold that plaintiff's suit should be transferred to the U.S. District Court for the Eastern District of Louisiana, where it could have and, in fact, should have been removed to originally. Accordingly, we need not reach the issue of *forum non conveniens*.

## III. CONCLUSION

Plaintiff's suit seeks money damages, not property rights. The leasehold interests or real rights formerly belonging to Flash were extinguished by the adjudication of the state court and, as such, plaintiff's suit does not fall within the ambit of LA. CODE CIV. PROC. ART. 80. Venue in the instant suit should, instead, be dictated by Article 42, which would lay venue in the 32nd Judicial District Court in Houma, Louisiana.

The underlying state court venue defect precipitated defective federal court venue by operation of 28 U.S.C. 1441(a). Had the state court venue been properly established in Houma, defendants would have removed the instant suit to the Eastern District Court, a proper result. Dismissal, although warranted in certain instances, is not warranted here. We find that the defect of venue in the instant suit can and should be cured by transfer to the Eastern District Court pursuant to 28 U.S.C. 1406(a), and it will be so ordered.

Alexandria, Louisiana

9th day of November, 2006

JAMES T. TRIMBLE, JR.
U.S. DISTRICT COURT JUDGE